UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

STEPHEN RUSSELL,

        Petitioner,

  -against-            9:13-CV-0598 (LEK)

D. HUDSON,

        Respondent.

**DECISION and ORDER**

**I. INTRODUCTION**

Petitioner Stephen Russell ("Petitioner") has filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and an accompanying Memorandum of law. Dkt. Nos. 1 ("Petition"); 1-1 ("Memorandum"). He is confined at the Federal Correctional Institution ("FCI") at Ray Brook, New York, and has paid the required filing fee. For the reasons that follow, this action is dismissed.

**II. BACKGROUND**

 **A. Conviction**

On November 30, 2007, Petitioner was convicted in the U.S. District Court for the District of Maryland, upon his guilty plea, of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). United States v. Russell (Russell I), Crim. No. 07-0361 (D. Md. Nov. 30, 2007), Dkt. No. 26; see Russell v. United States (Russell II), Civ. No. 08-2037, 2009 WL 489996, at *1 (D. Md. Feb. 25, 2009). Pursuant to the plea agreement, Petitioner stipulated that he was an armed career criminal under 18 U.S.C. § 924(e) because he had

> 3 prior convictions of crimes of violence or controlled substance offenses . . . : (1) Assault Second Degree, sentenced on 9/22/99 to 9 months imprisonment; (2) Assault Second Degree, sentenced on 3/26/99 to 9 months imprisonment; and (3) CDS

Possession with intent to Distribute, sentenced on 12/17/99 to 6 years imprisonment. Gov't's Opp. to Pet'r's Mot. to Vacate Sentence Under 28 U.S.C. § 2255, Ex. 2, at 4, 6, Russell I, Crim. No. 07-0361 (D. Md. Oct. 16, 2007), Dkt. No. 42.  On February 4, 2008, he was sentenced to 180 months' imprisonment followed by three years of supervised release.  Id. Dkt. No. 26 at 2.  The Fourth Circuit dismissed Petitioner's appeal on April 10, 2008.  Id. Dkt. No. 33.

### B.  § 2255 Motion

On August 6, 2008, Petitioner filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255, in which he claimed that his September 1999 assault conviction was improperly used to enhance his sentence because it was obtained in violation of his Sixth Amendment right to counsel, and that his federal trial counsel was ineffective.  Id. Dkt. Nos. 34; 42 at 4-11.  On February 25, 2009, the district court denied the motion, finding that Petitioner's claim that he did not have three prior qualifying sentence-enhancement offenses was waived, that Petitioner's state-court counsel was present for Petitioner's September 22, 1999, state-court plea and sentencing, and that his federal trial counsel was not ineffective for failing to challenge Petitioner's armed career criminal status. Russell II, 2009 WL 489996, at *1-2.  The Fourth Circuit denied Petitioner's request for a certificate of appealability and dismissed his appeal on August 26, 2009.  Russell I, Crim. No. 07-0361 (D. Md. Oct. 16, 2007), Dkt. No. 48.  Petitioner's request for rehearing was denied on November 10, 2009.  Id. Dkt. No. 51.

On April 18, 2011, Petitioner sought an order from the Fourth Circuit authorizing him to bring a successive § 2255 motion.  In re Stephen L. Russell, No. 11-173 (4th Cir. Apr. 18, 2011), Dkt. No. 2.  His request was denied on May 2, 2011.  Id. Dkt. No. 5.

### C. Petition

In his present Petition, Petitioner argues, as he did in his prior § 2255 motion, that the September 1999 state-court assault conviction was invalid because he did not have an attorney to represent him on that charge. Mem. at 4-5. He asserts that he is "actually innocent" of the armed career criminal status, that the district court erred when it presumed his September 1999 assault conviction was a qualifying felony for sentencing-enhancement purposes, and that his sentence should not have been enhanced based on the September 1999 assault conviction. Pet. at 5; Mem. at 5-6. He also argues that his federal trial counsel was ineffective for not raising this claim at sentencing or on appeal. Pet. at 4, 6.

Petitioner states that § 2255 is inadequate or ineffective to challenge his conviction because the Maryland district court "failed to address [the] issue of prior qualifying conviction [sic] and that [he] is actually innocent of enhanced penalty." Pet. at 5. He asks that the Court vacate his sentence and "remand" to the district court in Maryland for re-sentencing without the Armed Career Criminal enhancement. Pet. at 8.

### III. LEGAL STANDARD

A federal prisoner may challenge his detention under 28 U.S.C. §§ 2241 and 2255. See, e.g., Adams v. United States, 372 F.3d 132, 134 (2d Cir. 2004); Chambers v. United States, 106 F.3d 472, 474 (2d Cir. 1997). Section 2255 is the proper mechanism for prisoners to attack the imposition of a sentence "on the grounds that it was 'imposed in violation of the Constitution.'" Morales v. United States, 635 F.3d 39, 42-43 (2d Cir. 2011) (quoting 28 U.S.C. § 2255(a)); Adams, 372 F.3d at 134; McQueen v. Shult, No. 08-CV-0903, 2008 WL 4757356, at *2 (N.D.N.Y. Oct. 28, 2008). A motion pursuant to § 2255 must be brought in the sentencing court. See Boumediene v.

Bush, 553 U.S. 723, 774-75 (2008) (observing that § 2255 streamlined post-conviction challenges to sentences by directing claims "not to the court that had territorial jurisdiction over the place of the petitioner's confinement but to the sentencing court, a court already familiar with the facts of the case" (citing United States v. Hayman, 342 U.S. 205 (1952))).

By contrast, § 2241 is the proper vehicle to challenge the execution of a sentence, *i.e.*, the manner, location, or conditions of an inmate's confinement. See Adams, 372 F.3d at 135. For example, a petitioner may use a § 2241 petition to challenge a federal official's computation of a sentence, parole decisions, or prison disciplinary actions. Cook v. N.Y. State Div. of Parole, 321 F.3d 274, 278 (2d Cir. 2003); Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001). Petitions filed under § 2241 must name the petitioner's warden as respondent and be filed in the district of the petitioner's confinement. 28 U.S.C. § 2241(a); see Rumsfeld v. Padilla, 542 U.S. 426 (2004).

In rare circumstances, a federal prisoner may challenge the validity of his conviction under § 2241 if he can show that the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255(e); see Cephas v. Nash, 328 F.3d 98, 104 (2d Cir. 2003); Triestman v. United States, 124 F.3d 361 (2d Cir. 1997). This "savings clause" provision exists solely "to preserve habeas corpus for federal prisoners in those extraordinary instances where justice demands it." Triestman, 124 F.3d at 378. Section 2255 is "inadequate or ineffective" only when the failure to allow collateral review would raise serious constitutional questions because the prisoner: "(1) can prove 'actual innocence on the existing record,' and (2) 'could not have effectively raised [their] claim[s] of innocence at an earlier time.'" Cephas, 328 F.3d at 104 (alterations in original) (quoting Triestman, 124 F.3d at 363).

4

## IV.  DISCUSSION

That Petitioner has invoked § 2241 does not require the Court to so construe his petition; rather, "'it is the substance of the petition, rather than its form, that' governs." Cook, 321 F.3d at 278 (quoting James v. Walsh, 308 F.3d 162, 166 (2d Cir. 2002)).  Petitioner is challenging the validity of his underlying conviction, not the execution of his sentence.  See Pet.; Mot.  This Petition therefore is properly brought pursuant to § 2255.

Petitioner may have brought this action pursuant to § 2241 because he cannot meet the gate-keeping requirements of § 2255.  Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), before a petitioner may file a second or successive habeas petition in which she challenges the same conviction, she must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).  A district court has no jurisdiction to decide a second or successive habeas petition on the merits without authority from the Court of Appeals.  Magwood v. Patterson, 130 S. Ct. 2788, 2796 (2010); Torres v. Senkowski, 316 F.3d 147, 149-52 (2d Cir. 2003).  Generally, a petition is second or successive "if a previous habeas petition filed by the [petitioner] challenged the same conviction or sentence and was adjudicated on the merits or dismissed with prejudice." Carmona v. United States, 390 F.3d 200, 202 (2d Cir. 2004); see Burton v. Stewart, 549 U.S. 147, 153 (2007).

Here, Petitioner previously filed a § 2255 motion in the District of Maryland, and that motion was adjudicated on the merits.  Russell II, 2009 WL 489996, at *1-2.  His current Petition, if construed as a § 2255 motion, would therefore be a second or successive motion.  When, as here, a petitioner files a § 2241 petition

> in an attempt to evade § 2255's limits on second or successive petitions, and when the

> petitioner has already had a prior § 2255 petition dismissed on the merits . . . the district court can treat the § 2241 petition as a second or successive § 2255 petition and refer the petition to [the court of appeals] for certification, or, if it is plain from the petition that the prisoner cannot demonstrate that a remedy under § 2255 would be inadequate or ineffective to test the legality of his detention, the district court may dismiss the § 2241 petition for lack of jurisdiction.

Adams, 372 F.3d at 136 (citation omitted).

The Court elects to follow the latter course. Treating this Petition as a second or successive § 2255 motion and transferring it to the appropriate circuit court—here, the Fourth Circuit—would be inefficient. Nothing in the Petition indicates that Petitioner could satisfy either of the prerequisites for receiving permission to file a second or successive petition, *i.e.*, that the petition is supported by newly discovered evidence or that a new rule of constitutional law that has been made retroactively applicable to cases on collateral review, and the Fourth Circuit has already denied Petitioner permission to bring a successive § 2255 motion. In re Stephen L. Russell, No. 11-173, Dkt. No. 5. Even if the Fourth Circuit were to certify a second or successive § 2255 motion, the Court would lack jurisdiction to entertain that motion or to modify Petitioner's sentence, because: (1) a petitioner must file such a motion in the sentencing court, see 28 U.S.C. § 2255; Boumediene, 553 U.S. at 774-75; and (2) Petitioner was sentenced in the District of Maryland. Russell II, 2009 WL 489996, at *1.

This Petition therefore must be dismissed unless Petitioner demonstrates that a remedy under § 2255 is inadequate or ineffective, that he is actually innocent, and that his claims could not have been raised earlier. Petitioner has not met his burden.

Petitioner argues that the Maryland district court failed to address his claim that the September 1999 assault conviction was improperly used to enhance his sentence because it was

obtained in violation of his Sixth Amendment right to counsel. See Mem. The record shows, however, that the district court considered this claim and rejected it as waived. Russell II, 2009 WL 489996, at *1. Petitioner's arguments that he is "actually innocent" and that his federal trial counsel was ineffective for failing to raise his enhancement claim at sentencing or on appeal, attack the validity of his conviction and thus fall squarely within the domain of § 2255. See 28 U.S.C. § 2255(a). These claims were previously available to Petitioner, and the substance of these claims was raised in his prior § 2255 motion. See Russell II, 2009 WL 489996, at *1-2.

Based on the foregoing, Petitioner has not shown that his grounds for relief were previously unavailable to him, a showing necessary to successfully challenge his conviction pursuant to § 2241. See Love v. Menifee, 333 F.3d 69, 73 (2d Cir. 2003) ("'[S]erious constitutional questions' are not raised when AEDPA prevents a prisoner from raising a claim that he or she could have raised on direct review or in an earlier section 2255 motion." (quoting Jiminian, 245 F.3d at 147-48)); Cephas, 328 F.3d at 105 ("[W]here . . . petitioner invokes § 2241 jurisdiction to raise claims that clearly could have been pursued earlier, or where his asserted innocence is plainly belied by the record, then the savings clause of § 2255 is not triggered and dismissal of the § 2241 petition for lack of jurisdiction is warranted."); Gordon v. Craig, No. 05-CV-0730, 2005 WL 1719763, at *2 (N.D.N.Y. July 22, 2005) ("While it [is] unclear whether Gordon raised the present claims in a § 2255 motion, it appears he could have raised them. He cannot not [sic] now resort to § 2241 merely to save his claims, which are now most likely time-barred."); Bostic v. Williamson, No. 04-CV-0769, 2004 WL 2271386, at *4 (W.D.N.Y. Sept. 30, 2004) ("[P]etitioner cannot demonstrate that a § 2255 motion would be inadequate or ineffective to test the legality of his present detention because the petition does not raise a serious constitutional question and the issues

raised in the instant petition could have been raised—and were raised—in an earlier motion under § 2255.").

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Petition (Dkt. No. 1) is **DISMISSED for lack of jurisdiction**; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order upon Petitioner in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated:     July 03, 2013
           Albany, NY

_____
Lawrence E. Kahn
U.S. District Judge